FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JUL 19 PM 4:4

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

UNITED STATES OF AMERICA

v.

JOSEPH CAMPBELL

CASE NO. 8:11-Cr-375 T 26 AEP
18 U.S.C. § 2261A(2)(A)
18 U.S.C. § 1030(a)(2)(C) and (c)(2)(B)(ii)
18 U.S.C. § 982(a)(2)(B)

## INFORMATION

The United States Attorney charges:

### COUNT ONE

From an unknown date, but from at least on or about January 7, 2011 and continuing to on or about January 26, 2011, in the Middle District of Florida, and elsewhere, the defendant,

JOSEPH CAMPBELL,

with the intent to harass, used a facility of interstate commerce, to wit: a computer with access to the internet, to engage in a course of conduct that caused substantial emotional distress to victim "E.A." , who was at that time in another State, to wit: North Carolina.

In violation of Title 18, United States Codes, Section 2261A(2)(A).

### COUNT TWO

From an unknown date, but from at least in or about December, 2010, and continuing to in or about January, 2011, in the Middle District of Florida and elsewhere, the defendant,

JOSEPH CAMPBELL,

intentionally accessed a computer without authorization and exceeded authorized access to a protected computer, and thereby obtained information from a protected computer and the offense was committed in furtherance of a criminal and tortious act in violation of the laws of the State of Florida, specifically: F.S.A. § 815.06, "Offenses Against Computer Users", to wit: the defendant accessed the computer files of Victim "L.D." and obtained the computer files.

In violation of Title 18, United States Code, Sections 1030(a)(2)(C) and (c)(2)(B)(ii).

## FORFEITURE

1. The allegations contained in Count Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Sections 982(a)(2)(B).

2. The defendant, JOSEPH CAMPBELL, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any and all right, title, and interest he has in any property constituting, or derived from, proceeds the person obtained directly or indirectly, as a result of such violations.

Specific property to be forfeited includes but is not limited to:

   A.  Gateway DX4300, Desktop Computer
       Serial Number: PTG830200194608ADC2700

   B.  Sony Vaio, Laptop Computer
       Serial Number: 282785333000813

3. If any of the property described above, as a result of any act or omission of the defendant:

   a.  cannot be located upon the exercise of due diligence;

2

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

        ROBERT E. O'NEILL
        United States Attorney

By: _____
    AMANDA C. KAISER
    Assistant United States Attorney

By: _____
    ROBERT A. MOSAKOWSKI
    Assistant United States Attorney
    Chief, Economic Crimes Section